**Kathryn J. GILLETTE,**
**Plaintiff-Appellant,**

v.

**GAMING ENTERTAINMENT (INDIANA) d/b/a Rising Star Casino, et al., Defendants-Appellees.**

**No. 16-3662**

United States Court of Appeals,
Seventh Circuit.

Submitted * February 21, 2017
Decided May 16, 2017

Kathryn J. Gillette, Pro Se

Gregory A. Neibarger, Attorney, Jessica Elizabeth Whelan, Attorney, Bingham Greenebaum Doll, LLP, Indianapolis, IN, for Defendant-Appellee Gaming Entertainment

Robin L. Babbitt, Attorney, Ice Miller LLP, Indianapolis, IN, for Defendants-Appellees Indiana Gaming Company, LLC, LVGV, LLC

Jane D. Wilson, Attorney, Matthew Evan Burkhart, Attorney, Anne K. Ricchiuto, Attorney, Faegre Baker Daniels LLP, Indianapolis, IN, for Defendant-Appellee Belterra Resort, Indiana, LLC

Scott Ernest Andres, Attorney, Due Doyle Fanning & Metzger, Indianapolis, IN, for Defendant-Appellee Centaur, LLC

Michael V. Brodarick, Attorney, Lloyd & McDaniel, PLC, Louisville, KY, for Defendant-Appellee Patrick J. Kilburn

Before DIANE P. WOOD, Chief Judge RICHARD A. POSNER, Circuit Judge DAVID F. HAMILTON, Circuit Judge

## ORDER

Kathryn Gillette defaulted on loans from eight casinos. She then sued the casinos, alleging violations of various consumer-protection laws. The district court dismissed Gillette's claims, and she appeals.

We ordered the parties to submit supplemental briefs addressing the partic-

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal argu-

ipation in bankruptcy of appellee RDI Caesars Riverboat Casino. After reviewing the supplemental briefs, this court has determined that the district court's judgment of September 14, 2016, is nonfinal due to the bankruptcy of appellee RDI Caesars Riverboat Casino. See 11 U.S.C. § 362; *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1203–09 (3d Cir. 1991). This court therefore lacks jurisdiction over the appeal because the district court has not disposed of *all* claims by *all* parties. See Fed. R. Civ. P. 54(b); see also *id.*; see also *Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1006–07 (7th Cir. 2013). Accordingly, **IT IS ORDERED** that the appeal is DISMISSED for lack of appellate jurisdiction.